NO. 8244.

JOSEPH E. MASERA

VS

A. BALDWIN & CO, LIMITED.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

**8244**

8244

OPINION.

By his Honor John St. Paul,

This is a claim for damages arising out of a collision between a passenger automobile belonging to and driven by plaintiff, and an automobile truck belonging to defendant and driven by one of its employees. The collision occurred at the intersection of Claiborne and Orleans Avenues, two wide thoroughfares crossing each other at right angles, each having a double roadway and parkway or "neutral ground" between; whereupon the municipal ordinances require that vehicles shall travel upon that roadway which has the curb to the right and the parkway to the left when looking in the direction of travel.

At the time of the collision plaintiff was in Orleans Avenue (complying fully with the traffic laws) intending to turn into Claiborne Avenue, and had stopped a moment to allow some half dozen vehicles to pass him all going in the right direction. As the last of these passed him he turned in to follow it, and in doing so either ran into, or was run down by, defendant's truck coming from the opposite and wrong direction.

Owing to the great width of these two avenues, and the open space formed by the crossing of the two parkways, there is at this intersection an unobstructed view for at

least 100 feet in all directions; so that there is no doubt that plaintiff could have seen, and also have been seen by, defendant's truck driver, had either of them looked; which of course neither of them did, as evidenced by the result. As to which, plaintiff's explanation is readily understood, to wit, that he was looking out for traffic from the other and proper direction.

I.

Of course the mere fact that a party has violated some law or ordinance does not make of him an outlaw entitled to no rights; so that to fix responsibility upon him the connection between the fault and the damage# must be direct and natural. Loyacano vs Jurgens, 50 An 541; Central Glass Co vs Heiderich, 6 Orleans Appeals 326.

But here the connection between the fault and the d damage is direct and natural; for the collision would not have occurred had defendant's truck been where it should have been, to wit, on the other roadway. Hence the only possible defense to this action is that plaintiff contributed thereto by his own negligence in not looking out for the truck; which duty it is sought to impose upon him because, it is so said, the traffic laws are constantly violated at and around this point, and plaintiff knew it.

For it is clear that no one is obliged to anticipate that another will violate the rules of the road; and hence a person entitled to expect travel from one direction only is not obliged to look out for vehicles travelling unlawfully in the opposite direction. Schick vs Jennerein, 145 La 336; Trout Auto Co vs Peoples Gas Co, 168 Illinois Appeals 56; See also Shea vs Reems, 36 La Ann 966 (969; Crawford vs Hines, #7979 Our Docket; Scariano vs R. R. Co, 14 Orleans 16; Laing vs R. R. Co, 10 Orleans 96; Bensburg vs Terminal Co, 11 Orleans I.

## II.

For the rest the evidence shows no more than this; that because of insufficient police supervision, and by reason of one roadway being better than the other, the traffic law are often violated at this point; but that plaintiff knows very little about this particular place, although he does know that there are always and everywhere some people who will violate the road laws, and that any one who would be quite safe upon the streets must at all times be on the watch out for ~~such~~ all such; which is quite another matter.

The judgment appealed from is therefore reversed; and it is now ordered that plaintiff, Joseph E. Masera, have judgment against defendant, A. Baldwin & Co, Limited,

for the full sum of Six hundred and forty-two Dollars

and Seventy four cents ($642.74) with legal interest

from judicial demand and the costs of both courts.

Judgment Reversed.